**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **PANTAURUS LLC,**<br><br>         Plaintiff,<br><br>v.<br><br>**JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., CHASE BANK USA, N.A., AND J.P. MORGAN SECURITIES LLC,**<br><br>         Defendants. | Case No. 1:14-cv-446<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff PanTaurus LLC files this Complaint against JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., and J.P. Morgan Securities LLC, for infringement of United States Patent No. 6,272,533 (the "'533 Patent").

### PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff PanTaurus LLC ("Plaintiff" or "PanTaurus") is a Texas limited liability company with its principal office located in the Eastern District of Texas, at 2305 North Street, Suite 205, Beaumont, Texas 77702.

4. Upon information and belief, Defendant JPMorgan Chase & Co. is a Delaware corporation with a principal office located at 270 Park Avenue, 38th Floor, New York, NY 10017.

5. Upon information and belief, Defendant JPMorgan Chase Bank, N.A. is a federally chartered banking institution with a principal office located at 10 South Dearborn Street, Chicago, Illinois 60603.

6. Upon information and belief, Defendant Chase Bank USA, N.A. is a federally chartered banking institution with a principal office located at 270 Park Avenue, 38th Floor, New York, NY 10017.

7. Upon information and belief, Defendant J.P. Morgan Securities LLC is a Delaware limited liability company with a principal office located at 383 Madison Avenue, New York, NY 10179

8. JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., Chase Bank USA, N.A., and J.P. Morgan Securities LLC are collectively referred to as "Defendants."

9. This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in the state of Texas, have conducted business in the state of Texas, and/or have engaged in continuous and systematic activities in the state of Texas.

10. On information and belief, Defendants' instrumentalities that are alleged herein to infringe were and/or continue to be used in the Eastern District of Texas.

## VENUE

11. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendants are deemed to reside in this district. In addition, and in the alternative, Defendants have committed acts of infringement in this district.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 6,272,533)

12. Plaintiff incorporates paragraphs 1 through 11 herein by reference.

13. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq*.

14. Plaintiff is the owner by assignment of the '533 Patent with sole rights to enforce the '533 Patent and sue infringers.

15. A copy of the '533 Patent, titled "Secure Computer System And Method Of Providing Secure Access To A Computer System Including A Stand Alone Switch Operable To Inhibit Data Corruption On A Storage Device," is attached hereto as Exhibit A.

16. The '533 Patent is valid and enforceable, and it was duly issued in full compliance with Title 35 of the United States Code.

17. The '533 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '533 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '533 Patent has been forward-cited in more than 130 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as Intel (93 times), Dot Hill Systems (12 times), IBM, Nikon, Dell, Seagate, Lenovo, McAfee, Hewlett Packard, Lockheed Martin, and STMicroelectronics.

**(Direct Infringement)**

18. Upon information and belief, Defendants have infringed and continue to directly infringe one or more claims of the '533 Patent, including at least claim 29, by making, having made and/or using secure computer systems covered by one or more claims of the '533 Patent, including without limitation digital computer systems comprising one or more Hadoop-compatible file systems (the "Accused Instrumentalities"). A Hadoop distributed file system, often referred to by the acronym "HDFS," is a distributed file system that includes computer hardware (*e.g.*, servers and memory) and computer software for performing program functions.

19. Upon information and belief, Defendants operate the components of the Accused Instrumentalities, including without limitation buses, processors, a data storage device, and a switch.

20. Defendants' actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendants are enjoined and restrained by this Court.

21. Plaintiff is in compliance with 35 U.S.C. § 287.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to:

a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

b) Enjoin Defendants, their agents, officers, servants, employees, attorneys and all persons in active concert or participation with Defendants who receive notice of the order from further infringement of United States Patent No. 6,272,533 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

c) Award Plaintiff damages resulting from Defendants' infringement in accordance with 35 U.S.C. § 284;

d) Award Plaintiff pre-judgment and post-judgment interest and costs;

e) Enter judgment and an order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: September 2, 2014                    Respectfully submitted,

                                           /s/ Craig Tadlock
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
TADLOCK LAW FIRM PLLC
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

*Attorneys for Plaintiff PanTaurus LLC*